APPEAL,STAYED,TYPE–L

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:25–cv–00403–DLF</u>
### *Internal Use Only*

| | |
|---|---|
| MENNONITE CHURCH USA et al v. U.S. DEPARTMENT OF HOMELAND SECURITY et al | Date Filed: 02/11/2025 |
| Assigned to: Judge Dabney L. Friedrich | Jury Demand: None |
| Cause: 42:2000 Religion | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

| | | |
|---|---|---|
| **MENNONITE CHURCH USA** | represented by | **Alexandra Lichtenstein**<br>INSTITUTE FOR CONSTITUTIONAL ADVOCACY & PROTECTION<br>600 New Jersey Avenue NW<br>Washington, DC 20001<br>757–581–1046<br>Email: alex.lichtenstein@georgetown.edu<br>*ATTORNEY TO BE NOTICED* |
| | | **Julia Gegenheimer**<br>INSTITUTE FOR CONSTITUTIONAL ADVOCACY AND PROTECTION<br>600 New Jersey Ave. NW<br>Washington, DC 20001<br>202–661–6539<br>Email: jg1370@georgetown.edu<br>*ATTORNEY TO BE NOTICED* |
| | | **Kate Talmor**<br>INSTITUTE FOR CONSTITUTIONAL ADVOCACY AND PROTECTION<br>600 New Jersey Avenue NW<br>Washington, DC 20001<br>202–661–6627<br>Email: kt894@georgetown.edu<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Shelby Bradford Calambokidis**<br>INSTITUTE FOR CONSTITUTIONAL ADVOCACY & PROTECTION<br>600 New Jersey Avenue NW<br>Washington, DC 20001<br>410–533–1545<br>Email: sc2053@georgetown.edu<br>*ATTORNEY TO BE NOTICED* |
| | | **Kelsi B. Corkran** |

INSTITUTE FOR CONSTITUTIONAL
ADVOCACY AND PROTECTION
600 New Jersey Avenue NW
Washington, DC 20001
202–661–6728
Fax: 202–661–6730
Email: kbc74@georgetown.edu
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AFRICAN METHODIST**                represented by    **Alexandra Lichtenstein**
**EPISCOPAL ZION CHURCH**                              (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Julia Gegenheimer**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Kate Talmor**
                                                       (See above for address)
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Shelby Bradford Calambokidis**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Kelsi B. Corkran**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**CENTRAL ATLANTIC**                 represented by    **Alexandra Lichtenstein**
**CONFERENCE UNITED CHURCH**                           (See above for address)
**OF CHRIST**                                          *ATTORNEY TO BE NOTICED*

                                                       **Julia Gegenheimer**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Kate Talmor**
                                                       (See above for address)
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Shelby Bradford Calambokidis**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Kelsi B. Corkran**
                                                       (See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CENTRAL CONFERENCE OF AMERICAN RABBIS**

represented by **Alexandra Lichtenstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Gegenheimer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Talmor**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shelby Bradford Calambokidis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsi B. Corkran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CHRISTIAN CHURCH (DISCIPLES OF CHRIST)**

represented by **Alexandra Lichtenstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Gegenheimer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Talmor**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shelby Bradford Calambokidis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsi B. Corkran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CHURCH OF THE BRETHREN, INC.**

represented by **Alexandra Lichtenstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Gegenheimer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Talmor**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shelby Bradford Calambokidis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsi B. Corkran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CONVENCION BAUTISTA**                represented by   **Alexandra Lichtenstein**
**HISPANA DE TEXAS**                                    (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Julia Gegenheimer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Talmor**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shelby Bradford Calambokidis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsi B. Corkran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**EPISCOPAL CHURCH**                represented by   **Alexandra Lichtenstein**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Julia Gegenheimer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Talmor**
(See above for address)
*PRO HAC VICE*

4

*ATTORNEY TO BE NOTICED*

**Shelby Bradford Calambokidis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsi B. Corkran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FELLOWSHIP SOUTHWEST**        represented by    **Alexandra Lichtenstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Gegenheimer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Talmor**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shelby Bradford Calambokidis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsi B. Corkran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FRIENDS GENERAL CONFERENCE**        represented by    **Alexandra Lichtenstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Gegenheimer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Talmor**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shelby Bradford Calambokidis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsi B. Corkran**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**GENERAL ASSEMBLY OF THE**          represented by    **Alexandra Lichtenstein**
**PRESBYTERIAN CHURCH (U.S.A.)**                      (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Julia Gegenheimer**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Kate Talmor**
                                                     (See above for address)
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Shelby Bradford Calambokidis**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Kelsi B. Corkran**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**GENERAL COMMISSION ON**          represented by    **Alexandra Lichtenstein**
**RELIGION AND RACE OF THE**                         (See above for address)
**UNITED METHODIST CHURCH**                          *ATTORNEY TO BE NOTICED*

                                                     **Julia Gegenheimer**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Kate Talmor**
                                                     (See above for address)
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Shelby Bradford Calambokidis**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Kelsi B. Corkran**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**LATINO CHRISTIAN NATIONAL**          represented by    **Alexandra Lichtenstein**
**NETWORK**                                              (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Julia Gegenheimer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Talmor**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shelby Bradford Calambokidis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsi B. Corkran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MASSACHUSETTS COUNCIL OF**          represented by     **Alexandra Lichtenstein**
**CHURCHES**                                             (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Julia Gegenheimer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Talmor**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shelby Bradford Calambokidis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsi B. Corkran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NEW YORK ANNUAL**                   represented by     **Alexandra Lichtenstein**
**CONFERENCE OF THE UNITED**                             (See above for address)
**METHODIST CHURCH**                                     *ATTORNEY TO BE NOTICED*

**Julia Gegenheimer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Talmor**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shelby Bradford Calambokidis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsi B. Corkran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NEW YORK STATE COUNCIL OF CHURCHES**    represented by    **Alexandra Lichtenstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Gegenheimer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Talmor**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shelby Bradford Calambokidis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsi B. Corkran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NORTH CAROLINA COUNCIL OF CHURCHES**    represented by    **Alexandra Lichtenstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Gegenheimer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Talmor**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shelby Bradford Calambokidis**
(See above for address)
*ATTORNEY TO BE NOTICED*

8

**Kelsi B. Corkran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NORTH GEORGIA CONFERENCE
OF THE UNITED METHODIST
CHURCH**

represented by **Alexandra Lichtenstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Gegenheimer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Talmor**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shelby Bradford Calambokidis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsi B. Corkran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**RABBINICAL ASSEMBLY**

represented by **Alexandra Lichtenstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Gegenheimer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Talmor**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shelby Bradford Calambokidis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsi B. Corkran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**RECONSTRUCTING JUDAISM**

represented by **Alexandra Lichtenstein**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Julia Gegenheimer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Talmor**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shelby Bradford Calambokidis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsi B. Corkran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**RHODE ISLAND STATE COUNCIL**
**OF CHURCHES**

represented by **Alexandra Lichtenstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Gegenheimer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Talmor**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shelby Bradford Calambokidis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsi B. Corkran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**UNION FOR REFORM JUDAISM**

represented by **Alexandra Lichtenstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Gegenheimer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Talmor**

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shelby Bradford Calambokidis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsi B. Corkran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**UNITARIAN UNIVERSALIST**             represented by   **Alexandra Lichtenstein**
**ASSOCIATION**                                        (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Julia Gegenheimer**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Kate Talmor**
                                                       (See above for address)
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Shelby Bradford Calambokidis**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Kelsi B. Corkran**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**UNITED SYNAGOGUE OF**                represented by   **Alexandra Lichtenstein**
**CONSERVATIVE JUDAISM**                               (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Julia Gegenheimer**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Kate Talmor**
                                                       (See above for address)
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Shelby Bradford Calambokidis**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

11

Kelsi B. Corkran
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**WESTERN NORTH CAROLINA**                represented by    **Alexandra Lichtenstein**
**CONFERENCE OF THE UNITED**                                (See above for address)
**METHODIST CHURCH**                                        *ATTORNEY TO BE NOTICED*
*through The Board of Trustees, Western*
*North Carolina Conference, United*                         **Julia Gegenheimer**
*Methodist Church, Inc.*                                     (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kate Talmor**
                                                            (See above for address)
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Shelby Bradford Calambokidis**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kelsi B. Corkran**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**WISCONSIN COUNCIL OF**                  represented by    **Alexandra Lichtenstein**
**CHURCHES**                                                (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Julia Gegenheimer**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kate Talmor**
                                                            (See above for address)
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Shelby Bradford Calambokidis**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kelsi B. Corkran**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**WISDOM, INC.**                          represented by

**Alexandra Lichtenstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Gegenheimer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Talmor**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shelby Bradford Calambokidis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelsi B. Corkran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALL PLAINTIFFS**              represented by  **Alexandra Lichtenstein**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

                                                **Julia Gegenheimer**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

                                                **Kate Talmor**
                                                (See above for address)
                                                *PRO HAC VICE*
                                                *ATTORNEY TO BE NOTICED*

                                                **Shelby Bradford Calambokidis**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

                                                **Kelsi B. Corkran**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**U.S. DEPARTMENT OF**          represented by  **Kristina Ann Wolfe**
**HOMELAND SECURITY**                           U.S. DEPARTMENT OF JUSTICE
                                                P.O. Box 883
                                                Ben Franklin Station
                                                Washington, DC 20044

(202) 353–4519
Email: kristina.wolfe@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**KRISTI NOEM**                        represented by    **Kristina Ann Wolfe**
*Secretary of the U.S. Department of*                     (See above for address)
*Homeland Security, in her official*                      *LEAD ATTORNEY*
*capacity*                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. CUSTOMS AND BORDER**             represented by    **Kristina Ann Wolfe**
**PROTECTION**                                           (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**PETE R. FLORES**                      represented by    **Kristina Ann Wolfe**
*Secretary of the U.S. Department of*                     (See above for address)
*Homeland Security, in her official*                      *LEAD ATTORNEY*
*capacity*                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. IMMIGRATION AND**                represented by    **Kristina Ann Wolfe**
**CUSTOMS ENFORCEMENT**                                  (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**CALEB VITELLO**                       represented by    **Kristina Ann Wolfe**
*Acting Director, U.S. Immigration and*                   (See above for address)
*Customs Enforcement, in his official*                    *LEAD ATTORNEY*
*capacity*                                                *ATTORNEY TO BE NOTICED*

**Amicus**

**IMMIGRATION REFORM LAW**              represented by    **Christopher Joseph Hajec**
**INSTITUTE**                                            IMMIGRATION REFORM LAW
                                                         INSTITUTE
                                                         25 Massachusetts Avenue, NW
                                                         Suite 335
                                                         Washington, DC 20001
                                                         (202) 232–5590
                                                         Fax: (202) 464–3590
                                                         Email: chajec@irli.org
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/11/2025 | 1 | COMPLAINT against All Defendants ( Filing fee $ 405 receipt number ADCDC–11470854) filed by RHODE ISLAND STATE COUNCIL OF CHURCHES, CONVENCION BAUTISTA HISPANA DE TEXAS, WISCONSIN COUNCIL OF CHURCHES, AFRICAN METHODIST EPISCOPAL ZION CHURCH, NORTH CAROLINA COUNCIL OF CHURCHES, MENNONITE CHURCH USA, NORTH GEORGIA CONFERENCE OF THE UNITED METHODIST CHURCH, NEW YORK STATE COUNCIL OF CHURCHES, WISDOM, INC., WESTERN NORTH CAROLINA CONFERENCE OF THE UNITED METHODIST CHURCH, MASSACHUSETTS COUNCIL OF CHURCHES, RECONSTRUCTING JUDAISM, UNITED SYNAGOGUE OF CONSERVATIVE JUDAISM, FRIENDS GENERAL CONFERENCE, GENERAL ASSEMBLY OF THE PRESBYTERIAN CHURCH (U.S.A.), UNION FOR REFORM JUDAISM, LATINO CHRISTIAN NATIONAL NETWORK, UNITARIAN UNIVERSALIST ASSOCIATION, CHURCH OF THE BRETHREN, CENTRAL ATLANTIC CONFERENCE UNITED CHURCH OF CHRIST, FELLOWSHIP SOUTHWEST, GENERAL COMMISSION ON RELIGION AND RACE OF THE UNITED METHODIST CHURCH, NEW YORK ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, EPISCOPAL CHURCH, CENTRAL CONFERENCE OF AMERICAN RABBIS, RABBINICAL ASSEMBLY, CHRISTIAN CHURCH (DISCIPLES OF CHRIST). (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Civil Cover Sheet, # 8 Summons, # 9 Summons, # 10 Summons, # 11 Summons, # 12 Summons, # 13 Summons)(Corkran, Kelsi) (Entered: 02/11/2025) |
| 02/11/2025 | 2 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by FRIENDS GENERAL CONFERENCE, GENERAL ASSEMBLY OF THE PRESBYTERIAN CHURCH (U.S.A.), GENERAL COMMISSION ON RELIGION AND RACE OF THE UNITED METHODIST CHURCH, LATINO CHRISTIAN NATIONAL NETWORK, MASSACHUSETTS COUNCIL OF CHURCHES, NEW YORK ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, NEW YORK STATE COUNCIL OF CHURCHES, NORTH CAROLINA COUNCIL OF CHURCHES, NORTH GEORGIA CONFERENCE OF THE UNITED METHODIST CHURCH, RABBINICAL ASSEMBLY, MENNONITE CHURCH USA, RECONSTRUCTING JUDAISM, RHODE ISLAND STATE COUNCIL OF CHURCHES, UNION FOR REFORM JUDAISM, UNITARIAN UNIVERSALIST ASSOCIATION, UNITED SYNAGOGUE OF CONSERVATIVE JUDAISM, WESTERN NORTH CAROLINA CONFERENCE OF THE UNITED METHODIST CHURCH, WISCONSIN COUNCIL OF CHURCHES, WISDOM, INC., AFRICAN METHODIST EPISCOPAL ZION CHURCH, CENTRAL ATLANTIC CONFERENCE UNITED CHURCH OF CHRIST, CENTRAL CONFERENCE OF AMERICAN RABBIS, CHRISTIAN CHURCH (DISCIPLES OF CHRIST), CHURCH OF THE BRETHREN, CONVENCION BAUTISTA HISPANA DE TEXAS, EPISCOPAL CHURCH, FELLOWSHIP SOUTHWEST (Corkran, Kelsi) (Entered: 02/11/2025) |
| 02/11/2025 | 3 | NOTICE of Appearance by Kelsi B. Corkran on behalf of All Plaintiffs (Corkran, Kelsi) (Main Document 3 replaced on 2/11/2025) (znmw). (Entered: 02/11/2025) |
| 02/11/2025 | 4 | NOTICE of Appearance by Alexandra Lichtenstein on behalf of All Plaintiffs (Lichtenstein, Alexandra) (Entered: 02/11/2025) |
| 02/11/2025 | 5 | NOTICE of Appearance by Shelby Bradford Calambokidis on behalf of All Plaintiffs |

| | | |
|---|---|---|
| | | (Calambokidis, Shelby) (Entered: 02/11/2025) |
| 02/11/2025 | | RESOLVED.....NOTICE OF NEW CASE ERROR regarding 1 Complaint. The following error(s) need correction: Attorney Kelsi Corkran is not an Active bar member. Please refer to the court website for Bar Status Lookup, Attorney Admissions, and Renewal Information at www.dcd.uscourts.gov/attorneys. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (znmw) Modified on 2/11/2025 (znmw). Modified on 2/11/2025 (zhcn). (Entered: 02/11/2025) |
| 02/11/2025 | | Case Assigned to Judge Dabney L. Friedrich. (znmw) (Entered: 02/11/2025) |
| 02/11/2025 | 6 | SUMMONS (6) Issued Electronically as to All Defendants. (Attachments: # 1 Notice and Consent)(znmw) (Entered: 02/11/2025) |
| 02/11/2025 | | NOTICE OF NEW CASE ERROR regarding 1 Complaint. The following error(s) need correction: Missing summonses– U.S. government. When naming a U.S. government agent or agency as a defendant, you must supply a summons for each defendant & two additional summonses for the U.S. Attorney & U.S. Attorney General. Please submit using the event Request for Summons to Issue. (znmw) (Entered: 02/11/2025) |
| 02/11/2025 | 7 | REQUEST FOR SUMMONS TO ISSUE filed by ALL PLAINTIFFS.(Lichtenstein, Alexandra) (Entered: 02/11/2025) |
| 02/12/2025 | 8 | SUMMONS (2) Issued Electronically as to U.S. Attorney and U.S. Attorney General (mg) (Entered: 02/12/2025) |
| 02/12/2025 | 9 | STANDARD ORDER for Civil Cases. See text for details. Signed by Judge Dabney L. Friedrich on February 12, 2025. (lcdlf1) (Entered: 02/12/2025) |
| 02/21/2025 | 10 | Joint MOTION for Scheduling Order by ALL PLAINTIFFS. (Attachments: # 1 Text of Proposed Order)(Corkran, Kelsi) (Entered: 02/21/2025) |
| 02/21/2025 | 11 | MOTION for Preliminary Injunction by ALL PLAINTIFFS. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Declaration Index, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18, # 22 Exhibit 19, # 23 Exhibit 20, # 24 Exhibit 21, # 25 Exhibit 22, # 26 Exhibit 23, # 27 Exhibit 24, # 28 Exhibit 25, # 29 Exhibit 26, # 30 Exhibit 27, # 31 Exhibit 28, # 32 Exhibit 29, # 33 Exhibit 30, # 34 Exhibit 31, # 35 Exhibit 32, # 36 Exhibit 33, # 37 Exhibit 34, # 38 Exhibit 35, # 39 Exhibit 36, # 40 Exhibit 37, # 41 Exhibit 38, # 42 Exhibit 39, # 43 Exhibit 40, # 44 Exhibit 41, # 45 Exhibit 42, # 46 Exhibit 43, # 47 Exhibit 44, # 48 Exhibit 45, # 49 Exhibit 46, # 50 Exhibit 47, # 51 Exhibit 48, # 52 Exhibit 49, # 53 Exhibit 50, # 54 Exhibit 51, # 55 Exhibit 52, # 56 Exhibit 53, # 57 Exhibit 54, # 58 Exhibit 55, # 59 Exhibit 56, # 60 Exhibit 57, # 61 Exhibit 58, # 62 Exhibit 59, # 63 Exhibit 69, # 64 Exhibit 61, # 65 Exhibit 62, # 66 Exhibit 63, # 67 Exhibit 64, # 68 Exhibit 65, # 69 Exhibit 66)(Corkran, Kelsi) (Entered: 02/21/2025) |
| 02/24/2025 | | MINUTE ORDER granting the 10 Motion for Scheduling Order. The defendants shall file their response to the plaintiffs' 10 Motion for Preliminary Injunction on or before March 14, 2025; and the plaintiff shall file their reply on or before March 24, 2025. The Courtroom Deputy will contact the parties to schedule a motions hearing on April |

| | | |
|---|---|---|
| | | 2, 3, or 4. So Ordered by Judge Dabney L. Friedrich on February 24, 2025. (lcdlf1) (Entered: 02/24/2025) |
| 02/25/2025 | 12 | NOTICE of Appearance by Kristina Ann Wolfe on behalf of All Defendants (Wolfe, Kristina) (Entered: 02/25/2025) |
| 02/25/2025 | | NOTICE of Hearing: Preliminary Injunction Hearing set for 4/4/2025 at 10:00 AM in Courtroom 24A (In Person) before Judge Dabney L. Friedrich. (smc) (Entered: 02/25/2025) |
| 02/26/2025 | 13 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Julia Gegenheimer, Filing fee $ 100, receipt number ADCDC–11504948. Fee Status: Fee Paid. by ALL PLAINTIFFS. (Attachments: # 1 Exhibit Declaration of Julia Gegenheimer and Certificate of Good Standing, # 2 Text of Proposed Order)(Calambokidis, Shelby) (Entered: 02/26/2025) |
| 02/26/2025 | | MINUTE ORDER granting the 13 Motion for Leave to Appear Pro Hac Vice. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. So Ordered by Judge Dabney L. Friedrich on February 26, 2025. (lcdlf1) (Entered: 02/26/2025) |
| 02/26/2025 | 14 | NOTICE of Appearance by Julia Gegenheimer on behalf of All Plaintiffs (Gegenheimer, Julia) (Entered: 02/26/2025) |
| 03/04/2025 | 15 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kate Talmor, Filing fee $ 100, receipt number ADCDC–11509597. Fee Status: Fee Paid. by ALL PLAINTIFFS. (Attachments: # 1 Exhibit Declaration of Kate Talmor and Certificate of Good Standing, # 2 Text of Proposed Order)(Lichtenstein, Alexandra) Modified docket text on 3/4/2025 (mg). (Entered: 03/04/2025) |
| 03/04/2025 | | MINUTE ORDER granting the 15 Motion for Leave to Appear Pro Hac Vice. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. So Ordered by Judge Dabney L. Friedrich on March 4, 2025. (lcdlf1) (Entered: 03/04/2025) |
| 03/14/2025 | 16 | Memorandum in opposition to re 11 Motion for Preliminary Injunction,,,,, filed by U.S. DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM, U.S. CUSTOMS AND BORDER PROTECTION, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, CALEB VITELLO. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(Wolfe, Kristina) (Entered: 03/14/2025) |
| 03/19/2025 | 17 | Unopposed MOTION for Leave to File Amicus Brief *in support of Defendants* by IMMIGRATION REFORM LAW INSTITUTE. (Attachments: # 1 Exhibit amicus brief, # 2 Exhibit proposed order)(Hajec, Christopher) (Entered: 03/19/2025) |
| 03/19/2025 | | MINUTE ORDER granting the 17 Unopposed Motion for Leave to File Amici Curiae Brief. The Clerk of Court is directed to file the [17–1] Brief of Immigration Reform Law Institute on the docket. So Ordered by Judge Dabney L. Friedrich on March 19, 2025. (lcdlf1) Modified to correct chambers error on 3/20/2025 (smc). (Entered: 03/19/2025) |
| 03/19/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 17 Unopposed MOTION for Leave to File Amicus Brief *in support of Defendants* by IMMIGRATION REFORM LAW INSTITUTE. (Attachments: # 1 Exhibit amicus brief, # 2 Exhibit proposed order)(Hajec, Christopher). |

| | | Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 3/26/2025. (zhcn) 3/21/2025 (zapb). (Entered: 03/20/2025) |
|---|---|---|
| 03/19/2025 | 18 | AMICUS BRIEF by IMMIGRATION REFORM LAW INSTITUTE. (mg) (Entered: 03/20/2025) |
| 03/20/2025 | 19 | NOTICE of Proposed Order *for Preliminary Injunction* by ALL PLAINTIFFS re 11 MOTION for Preliminary Injunction (Attachments: # 1 Text of Proposed Order)(Gegenheimer, Julia) (Entered: 03/20/2025) |
| 03/24/2025 | 20 | REPLY to opposition to motion re 11 Motion for Preliminary Injunction,,,,, filed by ALL PLAINTIFFS. (Corkran, Kelsi) (Entered: 03/24/2025) |
| 03/25/2025 | 21 | NOTICE of Appearance by Kate Talmor on behalf of All Plaintiffs (Talmor, Kate) (Entered: 03/25/2025) |
| 03/25/2025 | 22 | Unopposed MOTION for Order *Providing Remote Public Access to Courtroom Audio for the April 4, 2025 Hearing* by ALL PLAINTIFFS. (Attachments: # 1 Text of Proposed Order)(Gegenheimer, Julia) (Entered: 03/25/2025) |
| 03/26/2025 | | MINUTE ORDER granting the 22 Motion for Order Providing Remote Public Access. The docket will be updated to provide the public dial–in line for the hearing of April 4, 2025. So Ordered by Judge Dabney L. Friedrich on March 26, 2025. (lcdlf1) (Entered: 03/26/2025) |
| 03/26/2025 | | MINUTE ORDER: The court will provide access for the public to telephonically attend the hearing scheduled for April 4, 2025, at 10:00 AM. The hearing can be accessed by dialing the Toll–Free Number: 833–990–9400 (Meeting ID: 117076001). It is hereby ORDERED that the attendees using the public access telephone line shall adhere to the following: persons remotely accessing court proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting any court proceedings (including those held by telephone or videoconference). Violation of these prohibitions may result in sanctions, including removal of court–issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the presiding Judge. Signed by Judge Dabney L. Friedrich on 3/26/2025. (smc) (Entered: 03/26/2025) |
| 03/31/2025 | 23 | LEAVE TO FILE DENIED– Jonah the Tishbite Motion to Intervene. This document is unavailable as the Court denied its filing. Pro Se party has been notified by first class mail. "Leave to file DENIED. The putative intervenor has not established that he is entitled to intervene as of right, or that he qualifies for permissive intervention, under Federal Rule of Civil Procedure 24(a), (b)." Signed by Judge Dabney L. Friedrich on 3/31/2025. (mg) (Entered: 04/01/2025) |
| 04/02/2025 | 24 | NOTICE *of Corrected Declarations* by ALL PLAINTIFFS (Attachments: # 1 Declaration, # 2 Declaration)(Gegenheimer, Julia) (Entered: 04/02/2025) |

| 04/03/2025 | 25 | NOTICE *of Filing of Proof of Service/Summons Executed* by ALL PLAINTIFFS (Attachments: # 1 Declaration, # 2 Exhibit USPS Tracking Delivery Confirmations)(Gegenheimer, Julia) (Entered: 04/03/2025) |
|---|---|---|
| 04/03/2025 | 26 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 2/202/2025., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 2/20/2025. ( Answer due for ALL FEDERAL DEFENDANTS by 4/21/2025.), RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. PETE R. FLORES served on 2/21/2025; KRISTI NOEM served on 2/19/2025; U.S. CUSTOMS AND BORDER PROTECTION served on 2/21/2025; U.S. DEPARTMENT OF HOMELAND SECURITY served on 2/19/2025; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT served on 2/19/2025; CALEB VITELLO served on 2/19/2025. (See docket entry 25 to view document) (mg) (Entered: 04/08/2025) |
| 04/04/2025 | | Minute Entry for Motion Hearing held on 4/4/2025 before Judge Dabney L. Friedrich: re 11 MOTION for Preliminary Injunction. Oral arguments heard and TAKEN UNDER ADVISEMENT. Court Reporter: Sara Wick. (smc) (Entered: 04/04/2025) |
| 04/07/2025 | 28 | REQUEST FOR LEAVE TO FILE REVIEW. The attached document requires leave to file: Motion to Intervene; Jonah the Tishbite. Reason(s): Filer is not a party to the case. (zdp) (Entered: 04/11/2025) |
| 04/09/2025 | 27 | Unopposed MOTION to Clarify re Order on Motion for Scheduling Order,, Set/Reset Deadlines, by PETE R. FLORES, KRISTI NOEM, U.S. CUSTOMS AND BORDER PROTECTION, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, CALEB VITELLO. (Attachments: # 1 Text of Proposed Order)(Wolfe, Kristina) (Entered: 04/09/2025) |
| 04/09/2025 | | MINUTE ORDER granting the 27 Unopposed Motion to Clarify. It is ordered that all filing deadlines, case management obligations, and discovery are STAYED pending resolution of plaintiffs' 11 Motion for a Preliminary Injunction. This stay applies, without limitation, to defendants' response to plaintiffs' complaint; the attorney conference required pursuant to Federal Rule of Civil Procedure 26(f); the issuance of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b); initial disclosure obligations pursuant to Rule 26(a)(1); and all other written, documentary, and oral discovery. The stay is entered without prejudice to either party moving to lift the stay. So Ordered by Judge Dabney L. Friedrich on April 9, 2025. (lcdlf1) (Entered: 04/09/2025) |
| 04/11/2025 | 29 | ORDER denying the 11 Motion for Preliminary Injunction. See text for details. Signed by Judge Dabney L. Friedrich on April 11, 2025. (lcdlf1) (Entered: 04/11/2025) |
| 04/11/2025 | 30 | MEMORANDUM OPINION regarding the 11 Motion for Preliminary Injunction. See text for details. Signed by Judge Dabney L. Friedrich on April 11, 2025. (lcdlf1) (Entered: 04/11/2025) |
| 04/11/2025 | 31 | REQUEST FOR LEAVE TO FILE REVIEW. The attached document requires leave to file: Motion to Intervene; Jonah the Tishbite.. Reason(s): Filer is not a party to the case. (Attachments: # 1 Exhibit Part 1 of 2, # 2 Exhibit Part 2 of 2) (zdp) (Entered: 04/18/2025) |
| 04/21/2025 | 32 | |

| | | |
|---|---|---|
| | | Joint STATUS REPORT by LATINO CHRISTIAN NATIONAL NETWORK, MASSACHUSETTS COUNCIL OF CHURCHES, MENNONITE CHURCH USA, NEW YORK ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, NEW YORK STATE COUNCIL OF CHURCHES, NORTH CAROLINA COUNCIL OF CHURCHES, NORTH GEORGIA CONFERENCE OF THE UNITED METHODIST CHURCH, RABBINICAL ASSEMBLY, RECONSTRUCTING JUDAISM, RHODE ISLAND STATE COUNCIL OF CHURCHES, UNION FOR REFORM JUDAISM, UNITARIAN UNIVERSALIST ASSOCIATION, UNITED SYNAGOGUE OF CONSERVATIVE JUDAISM, WESTERN NORTH CAROLINA CONFERENCE OF THE UNITED METHODIST CHURCH, WISCONSIN COUNCIL OF CHURCHES, WISDOM, INC.. (Talmor, Kate) (Entered: 04/21/2025) |
| 04/22/2025 | | MINUTE ORDER. Upon consideration of the parties' 32 Joint Status Report, it is ordered that this case remains STAYED. See Minute Order of April 9, 2025. The parties are directed to file a joint status report on or before May 12, 2025, proposing a schedule for further proceedings. So Ordered by Judge Dabney L. Friedrich on April 22, 2025. (lcdlf2) (Entered: 04/22/2025) |
| 04/22/2025 | | Case Stayed. (smc) (Entered: 04/22/2025) |
| 05/12/2025 | 33 | Joint STATUS REPORT by PETE R. FLORES, KRISTI NOEM, U.S. CUSTOMS AND BORDER PROTECTION, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, CALEB VITELLO. (Attachments: # 1 Text of Proposed Order)(Wolfe, Kristina) (Entered: 05/12/2025) |
| 05/14/2025 | | MINUTE ORDER. Upon consideration the 33 Joint Status Report, the following schedule shall govern further proceedings: the plaintiffs shall file their renewed motion for a preliminary injunction on or before June 2, 2025; the defendants shall file their response on or before June 25, 2025; and the plaintiffs shall file their reply on or before July 9, 2025. All additional deadlines, case management obligations, and discovery remain STAYED pending the Court's resolution of the plaintiffs' forthcoming renewed motion for a preliminary injunction. So Ordered by Judge Dabney L. Friedrich on May 14, 2025. (lcdlf1) (Entered: 05/14/2025) |
| 05/19/2025 | 34 | TRANSCRIPT OF MOTION HEARING before Judge Dabney L. Friedrich held on 04/04/2025. Page Numbers: 1–86. Date of Issuance: 05/19/2025. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/9/2025. Redacted Transcript Deadline set for 6/19/2025. |

| | | Release of Transcript Restriction set for 8/17/2025.(Wick, Sara) (Entered: 05/19/2025) |
|---|---|---|
| 05/27/2025 | 35 | Consent MOTION for Briefing Schedule *Modification* by AFRICAN METHODIST EPISCOPAL ZION CHURCH, ALL PLAINTIFFS, CENTRAL ATLANTIC CONFERENCE UNITED CHURCH OF CHRIST, CENTRAL CONFERENCE OF AMERICAN RABBIS, CHRISTIAN CHURCH (DISCIPLES OF CHRIST), CHURCH OF THE BRETHREN, INC., CONVENCION BAUTISTA HISPANA DE TEXAS, EPISCOPAL CHURCH, FELLOWSHIP SOUTHWEST, FRIENDS GENERAL CONFERENCE, GENERAL ASSEMBLY OF THE PRESBYTERIAN CHURCH (U.S.A.), GENERAL COMMISSION ON RELIGION AND RACE OF THE UNITED METHODIST CHURCH, LATINO CHRISTIAN NATIONAL NETWORK, MASSACHUSETTS COUNCIL OF CHURCHES, MENNONITE CHURCH USA, NEW YORK ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, NEW YORK STATE COUNCIL OF CHURCHES, NORTH CAROLINA COUNCIL OF CHURCHES, NORTH GEORGIA CONFERENCE OF THE UNITED METHODIST CHURCH, RABBINICAL ASSEMBLY, RECONSTRUCTING JUDAISM, RHODE ISLAND STATE COUNCIL OF CHURCHES, UNION FOR REFORM JUDAISM, UNITARIAN UNIVERSALIST ASSOCIATION, UNITED SYNAGOGUE OF CONSERVATIVE JUDAISM, WESTERN NORTH CAROLINA CONFERENCE OF THE UNITED METHODIST CHURCH, WISCONSIN COUNCIL OF CHURCHES, WISDOM, INC.. (Talmor, Kate) (Entered: 05/27/2025) |
| 05/28/2025 | | MINUTE ORDER granting the 35 Consent Motion for Briefing Schedule Modification. The plaintiffs shall file their renewed motion for a preliminary injunction on or before June 4, 2025.<br><br>The Court is not inclined to grant any motion requesting an indicative ruling under Federal Rule of Civil Procedure 62.1(a). Such a ruling is proper where it would "promote judicial efficiency and fairness" by, for example, obviating the need for the appeal. *Amarin Pharms. Ireland Ltd. v. FDA*, 139 F.Supp.3d 437, 447 (D.D.C. 2015). That is not the case here. Among other reasons, the Court would be required "to consider the exact issue that is pending on appeal." *Litovich v. Bank of Am. Corp.*, No. 20–cv–3154 (VEC), 2022 WL 16856436, at *2 (S.D.N.Y. Nov. 10, 2022). In any renewed motion for a preliminary injunction, the plaintiffs would be required to establish standing to sue for their requested relief. Thus, any indicative ruling would necessarily need to address the issue of standing, which the plaintiffs would also raise in their appeal of the Court's April 11, 2025 Order denying the plaintiffs' initial motion on standing grounds. Where standing is the "the very issue on appeal..., an indicative ruling from this Court on the topic 'would not promote judicial efficiency or fairness.'" *Amarin Pharms.*, 139 F.Supp.3d at 447. So Ordered by Judge Dabney L. Friedrich on May 28, 2025. (lcdlf1) (Entered: 05/28/2025) |
| 05/30/2025 | 36 | NOTICE by AFRICAN METHODIST EPISCOPAL ZION CHURCH, ALL PLAINTIFFS, CENTRAL ATLANTIC CONFERENCE UNITED CHURCH OF CHRIST, CENTRAL CONFERENCE OF AMERICAN RABBIS, CHRISTIAN CHURCH (DISCIPLES OF CHRIST), CHURCH OF THE BRETHREN, INC., CONVENCION BAUTISTA HISPANA DE TEXAS, EPISCOPAL CHURCH, FELLOWSHIP SOUTHWEST, FRIENDS GENERAL CONFERENCE, GENERAL ASSEMBLY OF THE PRESBYTERIAN CHURCH (U.S.A.), GENERAL COMMISSION ON RELIGION AND RACE OF THE UNITED METHODIST CHURCH, LATINO CHRISTIAN NATIONAL NETWORK, MASSACHUSETTS COUNCIL OF CHURCHES, MENNONITE CHURCH USA, NEW YORK |

| | | |
|---|---|---|
| | | ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, NEW YORK STATE COUNCIL OF CHURCHES, NORTH CAROLINA COUNCIL OF CHURCHES, NORTH GEORGIA CONFERENCE OF THE UNITED METHODIST CHURCH, RABBINICAL ASSEMBLY, RECONSTRUCTING JUDAISM, RHODE ISLAND STATE COUNCIL OF CHURCHES, UNION FOR REFORM JUDAISM, UNITARIAN UNIVERSALIST ASSOCIATION, UNITED SYNAGOGUE OF CONSERVATIVE JUDAISM, WESTERN NORTH CAROLINA CONFERENCE OF THE UNITED METHODIST CHURCH, WISCONSIN COUNCIL OF CHURCHES, WISDOM, INC. (Talmor, Kate) (Entered: 05/30/2025) |
| 05/30/2025 | 37 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 29 Order on Motion for Preliminary Injunction, Set/Reset Deadlines, 30 Memorandum & Opinion by AFRICAN METHODIST EPISCOPAL ZION CHURCH, ALL PLAINTIFFS, CENTRAL ATLANTIC CONFERENCE UNITED CHURCH OF CHRIST, CENTRAL CONFERENCE OF AMERICAN RABBIS, CHRISTIAN CHURCH (DISCIPLES OF CHRIST), CHURCH OF THE BRETHREN, INC., CONVENCION BAUTISTA HISPANA DE TEXAS, EPISCOPAL CHURCH, FELLOWSHIP SOUTHWEST, FRIENDS GENERAL CONFERENCE, GENERAL ASSEMBLY OF THE PRESBYTERIAN CHURCH (U.S.A.), GENERAL COMMISSION ON RELIGION AND RACE OF THE UNITED METHODIST CHURCH, LATINO CHRISTIAN NATIONAL NETWORK, MASSACHUSETTS COUNCIL OF CHURCHES, MENNONITE CHURCH USA, NEW YORK ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, NEW YORK STATE COUNCIL OF CHURCHES, NORTH CAROLINA COUNCIL OF CHURCHES, NORTH GEORGIA CONFERENCE OF THE UNITED METHODIST CHURCH, RABBINICAL ASSEMBLY, RECONSTRUCTING JUDAISM, RHODE ISLAND STATE COUNCIL OF CHURCHES, UNION FOR REFORM JUDAISM, UNITARIAN UNIVERSALIST ASSOCIATION, UNITED SYNAGOGUE OF CONSERVATIVE JUDAISM, WESTERN NORTH CAROLINA CONFERENCE OF THE UNITED METHODIST CHURCH, WISCONSIN COUNCIL OF CHURCHES, WISDOM, INC.. Filing fee $ 605, receipt number ADCDC−11725538. Fee Status: Fee Paid. Parties have been notified. (Talmor, Kate) (Entered: 05/30/2025) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MENNONITE CHURCH USA, *et al.*,

      Plaintiffs,

      v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, *et al.*,

      Defendants.

Civil Action No. 25-CV-00403-DLF

## <u>NOTICE OF APPEAL</u>

Please take notice that Plaintiffs Mennonite Church USA, *et al.*, hereby appeal to the U.S.

Court of Appeals for the D.C. Circuit from this Court's April 11, 2025 opinion and order denying

Plaintiffs' motion for preliminary injunction. *See* ECF Nos. 29, 30.

Dated:  May 30, 2025

Respectfully submitted,

/s/  *Kate Talmor*
Kelsi Brown Corkran (Bar No. 501157)
Shelby B. Calambokidis (Bar No. 1684804)
Julia Gegenheimer* (NY Bar No. 4949475)
Alexandra Lichtenstein (Bar No. 1724947)
Kate Talmor* (Maryland Bar)
INSTITUTE FOR CONSTITUTIONAL ADVOCACY
   AND PROTECTION
600 New Jersey Avenue, NW
Washington, DC 20001
(202) 661-6728

*Attorneys for Plaintiffs*


*\*DC Bar application pending, practice pursuant to Rule 49(c)(8), DC Courts, and supervised by DC Bar member*

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

MENNONITE CHURCH USA, *et al.*,

             *Plaintiffs*,

    v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

             *Defendants*.

No. 25-cv-00403 (DLF)

---

**<u>ORDER</u>**

For the reasons stated in the accompanying Memorandum Opinion, it is

**ORDERED** that the plaintiffs' Motion for a Preliminary Injunction, Dkt. 11, is **DENIED**.

It is further

**ORDERED** that the parties shall file a joint status report proposing a schedule for further

proceedings on or before April 21, 2025.

**SO ORDERED**.


                                                DABNEY L. FRIEDRICH
                                                United States District Judge

April 11, 2025

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MENNONITE CHURCH USA, *et al.*,

            *Plaintiffs*,

   v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

            *Defendants*.

No. 25-cv-00403 (DLF)

## <u>MEMORANDUM OPINION</u>

Twenty-seven faith communities bring this action against federal immigration agencies seeking injunctive relief. On January 20, 2025, the U.S. Department of Homeland Security (DHS) rescinded its "sensitive locations" policy, which previously directed immigration officers to avoid enforcement actions in or near places of worship. Plaintiffs allege that the rescission violates the Religious Freedom Restoration Act (RFRA), 42 U.S.C. §§ 2000bb *et seq.*; the First Amendment; and the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* Before the Court is the plaintiffs' motion for a preliminary injunction. Pls.' Mot., Dkt. 11. For the reasons that follow, the Court will deny the motion.

## I. BACKGROUND

### A. Statutory Background

DHS is the executive agency with principal responsibility for enforcing the nation's immigration laws. 8 U.S.C. § 1103(a)(1). Congress has authorized immigration officers to interrogate, arrest, detain, and remove aliens who are unlawfully present in the United States or otherwise subject to removal. *Id.* §§ 1226, 1357. For over three decades, DHS and its predecessors have limited enforcement actions in or near "sensitive locations," including places of worship and

other religious ceremonies.  Compl. ¶ 60, Dkt. 1; *see* Memorandum from James A. Puleo, Acting Assoc. Comm'r, INS, "Enforcement Activities at Schools, Places of Worship, or at funerals or other religious ceremonies," HQ 807-P (May 17, 1993), Dkt. 1-6.  Under the long-standing policy, enforcement actions in or near sensitive locations were permitted only with prior written supervisory approval or under exigent circumstances.  *Id.*; *see* Memorandum from Julie L. Myers, Assistant Sec'y, ICE, "Field Guidance on Enforcement Actions or Investigative Activities at or Near Sensitive Community Locations," 10029.1 (July 3, 2008), Dkt. 1-5; Memorandum from John Morton, Dir., ICE, "Enforcement Actions at or Focused on Sensitive Locations," 10029.2 (Oct. 24, 2011), Dkt. 1-4.

In 2021, then-Secretary of DHS Mayorkas issued updated guidance on the sensitive locations policy.  Memorandum from Alejandro N. Mayorkas, Sec'y, DHS, "Guidelines for Enforcement Actions in or Near Protected Areas" (Oct. 27, 2021) ("Mayorkas Mem."), Dkt. 1-2. The Mayorkas Memorandum superseded prior guidance but reaffirmed that "to the fullest extent possible, [immigration officers] should not take an enforcement action in or near a protected area," including at a "place of worship or religious study, whether in a structure dedicated to activities of faith (such as a church or religious school) or a temporary facility or location where such activities are taking place."  *Id.* at 2–3.  It defined enforcement actions to include "arrests, civil apprehensions, searches, inspections, seizures, service of charging documents or subpoenas, interviews, and immigration enforcement surveillance."  *Id.* at 4.  The Memorandum continued to recognize exceptions for actions taken with prior written approval or under exigent circumstances. *Id.* (defining exceptions as where "[a] safe alternative location does not exist"; an action involves "a national security threat," "imminent risk of death, violence, or physical harm to a person," "hot pursuit of an individual who poses a public safety threat," or "a personally observed border-

2

crosser"; or where there is an "imminent risk that evidence material to a criminal case will be destroyed"). It further explained that "the exercise of judgment" was required to determine what was "near" a sensitive location and whether exigent circumstances existed. *Id.* at 3–4.

Shortly after the current administration took office on January 20, 2025, then-Acting DHS Secretary Huffman issued a new memorandum rescinding the Mayorkas Memorandum. Memorandum from Benjamine C. Huffman, Acting Sec'y, DHS, "Enforcement Actions in or Near Protected Areas" (Jan. 20, 2025) ("Rescission Mem."), Dkt. 1-1. The Rescission Memorandum "supersedes and rescinds" prior guidance and provides that DHS will no longer impose "bright line rules regarding where our immigration laws are permitted to be enforced." *Id.* It directs officers to use "discretion along with a healthy dose of common sense" to make enforcement determinations, including in or near sensitive locations. *Id.* Then-acting Director of U.S. Immigration and Customs Enforcement (ICE) Vitello issued follow-on guidance, charging "Assistant Field Office Directors (AFODs) and Assistant Special Agents in Charge (ASACs) with responsibility for making case-by-case determinations regarding whether, where, and when to conduct an immigration enforcement action in or near a protected area." Memorandum from Caleb Vitello, Acting Dir., ICE, "Common Sense Enforcement Actions in or Near Protected Areas" (Jan. 31, 2025) ("Vitello Mem."), Dkt. 16-1.

The rescission of the sensitive locations policy reflects the administration's broader initiative to accelerate immigration enforcement. Compl. ¶ 5. Officials have publicly announced the goal of deporting all immigrants unlawfully present in the U.S., and ICE officers have been directed to meet increased quotas for daily arrests. *See id.* ¶¶ 5, 74, 77 & n.41. DHS's press release about the policy rescission, as posted on the government website, highlights that "ICE agents who spoke to Fox News said they believe that rescinding the Mayorkas order is going to free them up

3

to go after more illegal immigrants." Press Release, DHS, "Promises Made, Promises Kept: President Trump Is Already Securing Our Border and Deporting Criminal Aliens" (Jan. 26, 2025); *see* Compl. ¶ 4 & n.5

### B.    Factual and Procedural Background

Plaintiffs are a coalition of sixteen denominational bodies and eleven denominational and interdenominational associations rooted in the Jewish and Christian faiths.  Compl. ¶ 1. "Welcoming and serving the stranger, or immigrant, is . . . a central precept of their faith practices." *Id.*  Plaintiffs' member congregations offer worship services and provide social service ministries—including food and clothing pantries, language classes, legal assistance, and job training services—to all persons "without regard to [their] documentation or legal status." *Id.* ¶¶ 2, 7.  Many of plaintiffs' member churches and synagogues have undocumented congregants or are in areas with significant immigrant populations.  *E.g.*, *id.* ¶¶ 7, 88, 100, 103, 124.

Since the policy recission, one enforcement action has taken place at a plaintiff church.[1] Two enforcement actions have taken place at non-plaintiff churches campuses.[2]  And four plaintiffs report that ICE has conducted surveillance at or near their members' premises.[3]

---

[1] *See* Pls.' Mot. Ex. 46 ¶ 7, Dkt. 11-49 ("In the local church that was raided, which is located in Atlanta, ICE agents came into the daycare office looking for a staff member who they believed to be undocumented.").

[2] *See* Compl. ¶ 6; Am. Decl. of Bishop Robin Dease ¶ 7, Dkt. 24-2.

[3] *See* Pls.' Mot. Ex. 16 ¶ 6, Dkt. 11-19 ("ICE recently showed up at a food pantry hosted by a congregation in California to take photographs of people lined up to receive food."); *id.* Ex. 20 ¶ 4, Dkt. 11-23 ("We have seen an ICE presence outside some of our churches, and in early February, ICE agents showed up outside the Food Pantry at one of our congregations and took pictures of people who were in line to receive food."); *id.* Ex. 35 ¶ 8, Dkt. 11-38 ("Congregants have reported . . . [ICE] surveillance targeting direct service programs such as legal counsel, education, youth ministry, after school care, and food provision."); *id.* Ex. 66 ¶ 7, Dkt. 11-69 ("[W]e have recently noticed an unknown vehicle repeatedly idling on the edges of our property for 15 to 30 minutes at a time over the course of several days. We suspect ICE is surveilling us again.").

According to the plaintiffs, such enforcement actions and surveillance are "devastating to their religious practice," "shatter[] the consecrated space of sanctuary," and "thwart[] communal worship." *Id.* ¶ 7. Many plaintiffs also allege that their congregations have seen a significant decline in attendance at worship services or in social service ministries.[4] Plaintiffs' pastors and reverends attest that congregants have stopped attending because of the policy rescission.[5] Finally, the plaintiffs allege that congregations have incurred costs for increased security measures to protect immigrant congregants, for example monitoring attendance, requiring registration, or moving worship services online. *E.g.*, *id.* ¶¶ 120, 123, 129, 149.

On February 11, 2025, the plaintiffs filed suit against DHS, the Secretary of DHS, U.S. Customs and Border Protection (CBP), the Commissioner of CBP, ICE, and the Director of ICE, challenging the rescission of the sensitive locations policy. The plaintiffs claim that immigration enforcement actions in or near their places of worship burden members' freedom of religious exercise and right to expressive association, in violation of RFRA and the First Amendment. *Id.* ¶¶ 161–78. They further claim that the rescission of the Mayorkas Memorandum was an arbitrary

---

[4] *E.g.*, Pls.' Mot. Ex. 9 ¶ 12, Dkt. 11-12 ("One largely Hispanic congregation in our Pacific Southwest District has reported a decrease in attendance at its weekly worship services from approximately 140 to 90 individuals."); *id.* Ex. 11 ¶ 8, Dkt. 11-14 ("Attendance at Sunday worship services has declined from an average attendance of approximately 370 to 270 individuals."); *id.* Ex. 26 ¶ 12, Dkt. 11-29 ("[A] congregation in North Carolina has seen a roughly 50 percent decrease in attendance at their church food pantry, GED and ESL classes, and clothing ministry."); *id.* Ex. 61 ¶ 9, Dkt. 11-64 ("On Sunday, February 16, 2025, no immigrant members or congregants attended worship services, meaning a 100 percent decrease in immigrant attendance.").

[5] *E.g.*, Pls.' Mot. Ex. 9 ¶ 12 (attesting that attendance has "fall[en] by half as word spread that ICE and CBP has become active in the area and that churches are no longer considered off limits to immigration authorities"); *id.* Ex. 10 ¶ 8, Dkt. 11-13 ("My congregants tell me that the reason they are no longer attending services is that they fear ICE or CBP will target our congregation."); *id.* Ex. 59 ¶ 9, Dkt. 11-62 (attesting that at least one congregant "stopped attending services because of the sensitive locations policy rescission"); *id.* Ex. 62 ¶ 10, Dkt. 11-65 ("One member church, St. Luke's, has already been told by one member family that they do not feel safe coming to church services under DHS's new policy.").

and capricious agency action, in violation of the APA.  *Id.* ¶¶ 179–86.  On February 21, the

plaintiffs filed a motion for a preliminary injunction, requesting that the Court (1) enjoin the federal

defendants from conducting immigration enforcement actions in or near plaintiffs' places of

worship, absent exigent circumstances or a judicial warrant; and (2) stay the Rescission

Memorandum.  *See* Pls.' Mot. at 1.  On April 4, the Court held a hearing on the motion.

## II.    LEGAL STANDARDS

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a

clear showing that the plaintiff is entitled to such relief."  *Sherley v. Sebelius*, 644 F.3d 388, 392

(D.C. Cir. 2011) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).  To prevail,

a party seeking preliminary injunctive relief must make a "clear showing that four factors, taken

together, warrant relief: likely success on the merits, likely irreparable harm in the absence of

preliminary relief, a balance of the equities in its favor, and accord with the public interest."

*League of Women Voters v. Newby*, 838 F.3d 1, 6 (D.C. Cir. 2016) (citations and internal quotation

marks omitted).  Where a federal agency is the defendant, the last two factors merge.  *Am. Immigr.*

*Council v. DHS*, 470 F. Supp. 3d 32, 36 (D.D.C. 2020).

To succeed on the merits, "[a] plaintiff must show a likelihood of success encompass[ing]

not only substantive theories but also establishment of jurisdiction," including standing to sue.

*Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015) (quoting *Mills v. D.C.*,

571 F.3d 1304, 1308 (D.C. Cir. 2009)).  "In the context of a preliminary [relief] motion, [courts]

require the plaintiff to show a substantial likelihood of standing under the heightened standard for

evaluating a motion for summary judgment."  *Elec. Priv. Info. Ctr. v. Presidential Advisory*

*Comm'n on Election Integrity,* 878 F.3d 371, 377 (D.C. Cir. 2017).  The plaintiff "bear[s] the

burdens of production and persuasion."  *Qualls v. Rumsfeld*, 357 F. Supp. 2d 274, 281 (D.D.C.

2005) (citing *Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004)).  A plaintiff's "inability to establish a substantial likelihood of standing requires denial of the motion for preliminary injunction."  *Food & Water Watch*, 808 F.3d at 913.

## III.     ANALYSIS

### A.     Standing

To establish standing, a plaintiff must show: (1) an "injury in fact"; (2) a "causal connection between the injury" and the challenged action; and (3) a likelihood that the "injury will be redressed by a favorable decision."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted).  When an organization seeks to bring suit on behalf of its members—that is, to assert associational standing—it must show that "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."  *Hunt v. Wa. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).  When an organization seeks to sue on its own behalf—that is, to assert organizational standing—it must show that the actions of the defendant concretely injure the organization's own ability to carry out its mission or activities.  *People for the Ethical Treatment of Animals v. USDA*, 797 F.3d 1087, 1093 (D.C. Cir. 2015).

The plaintiffs assert four injuries in support of Article III standing.  First, they assert an associational injury based on the imminent risk that immigration enforcement actions will be taken at member congregations.  Pls.' Mot., at 12.  Second, they assert an organizational injury based on concrete declines in attendance at worship services and social service ministries.  *Id.* at 13.  Third, they assert a conscience injury—the rescission allegedly forces congregations to make a "Hobson's choice," between openly welcoming all immigrants consistent with their religious obligations or restricting in-person services to protect immigrants from law enforcement.  *Id.*  Fourth, they assert

an organizational injury based on the costs of increased security measures that congregations have taken to protect their members.  *Id.*

### 1.    Imminent Immigration Enforcement Actions

The plaintiffs' first asserted injury amounts to a pre-enforcement challenge against threatened immigration enforcement actions at their places of worship.  A pre-enforcement challenge requires a showing that the threatened enforcement is "sufficiently imminent."  *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158–59 (2014); *see Am. Libr. Ass'n v. Barr*, 956 F.2d 1178, 1196 (D.C. Cir. 1992) (requiring a "credible threat" of enforcement).  To demonstrate imminence, a plaintiff must show that enforcement "results from a special law enforcement priority," namely that the plaintiff has been "singled out or uniquely targeted by the . . . government for [enforcement]."  *Ord v. D.C.*, 587 F.3d 1136, 1140 (D.C. Cir. 2009) (finding that a plaintiff had been singled out when law enforcement had issued a warrant for his arrest); *Parker v. D.C.*, 478 F.3d 370, 375 (D.C. Cir. 2007).  Whether the threat of enforcement is adequate "in any particular preenforcement challenge is a factual and case-specific" determination.  *Navegar, Inc. v. United States*, 103 F.3d 994, 999 (D.C. Cir. 1997).

At least at this juncture and on this record, the plaintiffs have not made the requisite showing of a "credible threat" of enforcement.  *Am. Libr. Ass'n*, 956 F.2d at 1196.  Neither the Rescission Memorandum nor the Vitello Memorandum direct law enforcement to target churches or synagogues or to treat places of worship as high priority locations for immigration enforcement.  Rescission Mem. (directing officers to use "common sense"); Vitello Mem., at 2 (charging law enforcement to use "judgment" and supervisors to make "case-by-case determinations"); *see Laird v. Tatum*, 408 U.S. 1, 11 (1972) (finding no injury where a challenged policy was not "regulatory, proscriptive, or compulsory in nature"); *Saline Parents v. Garland*, 630 F. Supp. 3d 201, 206

8

(D.D.C. 2022).  As the government represented at the preliminary injunction hearing, the policy recission reflects only "a modest change in the internal guidance that DHS is providing its immigration officers" and does not mandate conducting enforcement activities during worship services or while social service ministries are being provided.  April 4 Hr'g Rough Tr., at 44, 49.

Nor does the present record show that places of worship are being singled out as special targets.  *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 412 (2013) (requiring plaintiffs to "set forth [] specific facts demonstrating that" they are being targeted).  Since the policy rescission took effect over 10 weeks ago, only one enforcement action has taken place at the hundreds of plaintiffs' member congregations.  *See* Pls.' Mot. Ex. 46 ¶ 7.  The plaintiffs can point to only three instances, since January 20, 2025, where any immigration enforcement action has taken place in or near any place of worship anywhere in the country, even under the current administration's more vigorous immigration priorities and increased ICE quotas.  *See id.*; Compl. ¶ 6; Am. Dease Decl. ¶ 7.  This limited pattern further undermines the inference that actions against plaintiffs' congregations are imminent.  *See Murthy v. Missouri*, 603 U.S. 43, 59 (2024) ("'Past exposure to illegal conduct' can serve as evidence of threatened future injury but 'does not in itself show a present case or controversy regarding injunctive relief.'" (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)).  And although four plaintiffs do allege that ICE has engaged in surveillance near their premises, they have not presented any direct link between that surveillance and an actual or pending immigration raid at a church or synagogue.  *See United Presbyterian Church in the U.S.A. v. Reagan*, 738 F.2d 1375, 1380 (D.C. Cir. 1984) (finding past surveillance insufficient to plead an injury where plaintiffs had "not adequately averred that any specific action is threatened or even contemplated against them").

Absent evidence of specific directives to immigration officers to target plaintiffs' places of worship, or a pattern of enforcement actions, the Court finds no credible threat of imminent enforcement.  Accordingly, the plaintiffs lack standing to assert a pre-enforcement challenge.

### 2.    Attendance Declines

Next, the plaintiffs allege that many congregations are experiencing concrete and measurable decreases in worship attendance and social services participation.  *See Presbyterian Church v. United States*, 870 F.2d 518, 522 (9th Cir. 1989) (finding that a "concrete, demonstrable decrease in attendance at . . . worship activities" can constitute injury for a religious organization); *Philadelphia Yearly Meeting of Religious Soc'y of Friends v. DHS*, -- F. Supp. 3d --, 2025 WL 585768, at *8 (D. Md. Feb. 24, 2025).  As alleged—and as likely necessary to plead an injury under *Presbyterian Church*—the attendance declines in plaintiffs' congregations have been significant, amounting to double-digit percentages or dozens of congregants being absent.  For example, since January 20, 2025: one largely Hispanic congregation "has reported a decrease in attendance at its weekly worship services from approximately 140 to 90 individuals," Pls.' Mot. Ex. 9 ¶ 12; at another Spanish-speaking congregation, "attendance at worship services has dropped by 25 to 40 percent since mid-January," *id.*; at a West Coast church, "[a]ttendance at Sunday worship services has declined approximately 33 percent, from an average attendance of approximately 140 to approximately 90 individuals," *id.* Ex. 10 ¶ 8; and a "worshiping community in the Midsouth reports a decline in attendance of over half its families as a result of the new policy," *id.* Ex. 26 ¶ 12.

Even assuming without deciding that attendance decreases comprise an injury,[6] to establish standing, the plaintiffs must also show that injury is traceable to the government's policy, *see Dep't of Com. v. New York*, 588 U.S. 752, 767–68 (2019), and redressable with the requested injunction, *see Lujan*, 504 U.S. at 562. The Court will address each in turn.

        **a.**      **Traceability**

To establish traceability, the plaintiffs must show that their alleged injury—a decline in attendance—is "fairly traceable" to the sensitive locations policy rescission. *Dep't of Com.*, 588 U.S. at 767. Where, as here, the "causal relation between injury and challenged action depends upon the decision of an independent third party"—the church congregants—it is "substantially more difficult to establish" traceability. *California v. Texas*, 593 U.S. 659, 675 (2021) (citation and internal quotation marks omitted). To do so, the plaintiffs must put forth evidence showing their injury arises from the "predictable effect of Government action on the decisions of third parties." *Dep't of Com*, 588 U.S. at 768. In other words, the plaintiffs must present "substantial evidence of a causal relationship between the government policy and the third-party conduct, leaving little doubt as to causation and the likelihood of redress." *Arpaio v. Obama*, 797 F.3d 11, 20 (D.C. Cir. 2015) (cleaned up). Although the challenged policy need not be the sole cause of their injury, it must be a "but-for" cause. *Cmty. Nutrition Inst. v. Block*, 698 F.2d 1239, 1247–48 (D.C. Cir. 1983), *rev'd on other grounds*, 467 U.S. 340 (1984); *Orangeburg v. FERC*, 862 F.3d 1071, 1080 (D.C. Cir. 2017) (finding traceability where there was another "equally important"

---

[6] The Court notes that the factual circumstances of *Presbyterian Church* differ significantly from the present record. In that case, officers conducted an extensive undercover surveillance operation and repeatedly attended and tape-recorded worship services. 870 F.2d at 520. In contrast here, only four out of the twenty-seven plaintiffs allege any actual surveillance activity, *see* Pls.' Mot. Exs. 16, 20, 35, 66; that activity has been significantly less intrusive; and no plaintiff alleges any immigration officer has entered church premises during worship services.

cause of an injury); *Ipsen Biopharmaceuticals, Inc. v. Becerra*, 678 F. Supp. 3d 20, 31 (D.D.C. 2023), *aff'd*, 108 F.4th 836 (D.C. Cir. 2024) (requiring the challenged government action to be "directly and inextricably" tied to the injury).

At least on the existing record, the plaintiffs have not presented "substantial evidence" that the policy rescission—as opposed to the administration's broader immigration crackdown—has caused the widespread congregant absences from religious services. *Arpaio*, 797 F.3d at 20. The plaintiffs acknowledge that broader immigration enforcement actions, and the extensive media coverage of those actions, have caused many undocumented immigrants to refuse to go out in public in general. Reply, at 5–6, Dkt. 20; *see also* Opp'n, at 17, Dkt. 16. As multiple affiants have attested, congregants "are afraid to leave their homes" as a result of the increased ICE activity in "members' neighborhoods, apartment complexes, homes, and at work sites." Pls.' Mot. Ex. 16 ¶ 6; *see e.g.*, *id.* Ex. 12 ¶ 13, Dkt. 11-15 ("The pastor at Azle Avenue Baptist has reported that several of his congregants are no longer leaving their homes out of fear of ICE."); *id.* Ex. 35 ¶ 12 ("[R]umors of escalating ICE enforcement . . . [are] driving congregants to avoid leaving their homes."); *id.* Ex. 61 ¶ 9 ("[Congregants] do not want to leave their homes out of fear of ICE arrest."). That evidence suggests that congregants are staying home to avoid encountering ICE in their own neighborhoods, not because churches or synagogues are locations of elevated risk.

The Court cannot infer the requisite "but-for" causation from affidavits that do not delineate between the effects of broader immigration enforcement priorities and the policy rescission specifically.[7] *See Cmty. Nutrition*, 698 F.2d at 1247–48. To date, the plaintiffs have

---

[7] *E.g.*, Pls.' Mot. Ex. 1 ¶ 12, Dkt. 11-4 ("[C]ongregants [are] conveying that they are now afraid of going to church due to the imminent risk of an ICE raid or enforcement action."); *id.* Ex. 7 ¶ 12, Dkt. 11-10 ("Our pastors report that some of their congregants are staying home from church for fear of being detained."); *id.* Ex. 19 ¶ 8, Dkt. 11-22 ("Our congregants are afraid of coming to

offered insufficient evidence that the Rescission Memorandum is a but-for cause of the reduced religious attendance. Affiants summarily attest that congregations "ha[ve] already had congregants stop coming to church out of fear of ICE under DHS's new policy." Pls.' Mot. Ex. 47 ¶ 10, Dkt. 11-50; *see e.g.*, *id.* Ex. 59 ¶ 9 ("[O]ne member of our congregation has already stopped attending services because of the sensitive locations policy rescission."). But such limited and conclusory assertions are not enough for the Court to conclude with "little doubt" that the policy rescission has caused the widespread declines in attendance. *Arpaio*, 797 F.3d at 20. Nor have the plaintiffs offered any objective statistical evidence showing that religious attendance declines were a predictable effect of the rescission policy. *See Dep't of Com.*, 588 U.S. at 768 (relying on trial evidence that "noncitizen households have historically responded to the census at lower rates" to find a response decrease predictable). Some affiants date the declines to mid-January,[8] when the rescission policy took effect, but that is also the date when the current administration took office and began implementing broader immigration policy changes.

Taken as a whole, the affidavits do not meet the high bar that is required to show a causal relationship between the government policy and third-party conduct. Affiants' representations are conclusory, second-hand, and limited in nature, in contrast to the evidence of an undisputed alternative cause for the declines in religious attendance. *See* Hr'g Tr., at 44–54, *Denver Public Schools v. Noem*, No. 25-cv-00474 (DDD) (D. Colo. Mar. 7, 2025) (finding no traceability where attendance declines were "based largely on broader immigration enforcement policy changes that

---

church or our programs because they are afraid of being detained, harmed, separated from their families, and deported by ICE.").

[8] *E.g.*, Pls.' Mot. Ex. 24 ¶ 10, Dkt. 11-27 ("A congregant family at a Texas meeting has not attended services since the sensitive locations policy rescission, expressing their fear of being arrested and deported by ICE or CBP."); *id.* Ex. 60 ¶ 11, Dkt. 11-63 ("Since DHS adopted the new enforcement policy, worship attendance has decreased by more than sixty percent [at one church].").

wouldn't be affected by" an injunction on the policy rescission).  On the existing record, the Court cannot conclude that the plaintiffs have proffered "substantial evidence" tying the rescission to the alleged declines in religious attendance.  *Arpaio*, 797 F.3d at 20.

### b.    Redressability

For similar reasons, the plaintiffs have not shown that a preliminary injunction would redress their alleged attendance injury.  *Lujan*, 504 U.S. at 562.  Were the Court to grant the requested injunction, the parties would be returned to the previous status quo under the Mayorkas Memorandum.  *See Huisha-Huisha v. Mayorkas*, 27 F.4th 718, 733 (D.C. Cir. 2022).  But the evidence does not establish, with "little doubt," that religious attendance would rebound under a return to that policy.  *See Arpaio*, 797 F.3d at 20.  As the plaintiffs acknowledged in the preliminary injunction hearing, a return to the Mayorkas Memorandum without reverting to the "enforcement priorities of the prior administration" would not remedy their alleged burdens on religious exercise.  April 4 Hr'g Rough Tr., at 10 (arguing that the headquarters authority exception in the Mayorkas Memorandum violates RFRA and the First Amendment).  In other words, the plaintiffs recognize that their requested injunction would not rectify the alleged attendance declines.  *See Denver Public Schools* Hr'g Tr., at 54.

Reverting to the Mayorkas Memorandum would not mitigate the risks cited by congregants of leaving their homes generally, or of traveling to or from religious services.  On its face, the Mayorkas Memorandum creates no legally enforceable rights and confers only limited protections against immigration officers' exercise of discretion.  *See* Mayorakas Mem., at 3–4.  For example, it provides "no bright-line definition of what constitutes 'near'" a place of worship and directs officers to use the "exercise of judgment," thus allowing officers to take enforcement actions within blocks of churches or synagogues.  *Id.*  It further provides that immigration officers *may*

14

enter places of worship with "prior approval from their Agency's headquarters" or from a supervisor the agency may "otherwise delegate." *Id.* at 5. That prior written approval requirement has changed only minimally under the Vitello guidance, which directs officers to seek prior verbal or written approval from Assistant Field Office Directors and Assistant Special Agents in Charge. *See* Vitello Mem., at 2. Further, it is questionable that any substantive distinctions between the memoranda deter the kinds of immigration enforcement actions that the plaintiffs seek to prevent. *See* April 4 Hr'g Rough Tr., at 39, 46 (government counsel representing that the Rescission Memorandum represents only a "modest change" in procedure and does not authorize any substantive enforcement action "that wasn't authorized before").

\* \* \*

As a whole, the plaintiffs have not shown that reinstating the Mayorkas Memorandum— without restraining executive discretion more broadly, which the Court cannot do—would provide the reassurance necessary to redress the alleged declines in religious attendance. Because the attendance injury is not fairly traceable to the rescission, nor redressable by the requested preliminary injunction, the Court finds that the plaintiffs have not shown a substantial likelihood of standing.

### 3.    Conscience Injury

Next, the plaintiffs allege that the policy rescission works a conscience injury, by forcing congregations to make a "Hobson's choice" between withdrawing welcome to all immigrants or else making those immigrants "an easy target for enforcement action" in their places of worship. Pls.' Mot., at 14. Either option would violate the plaintiffs' sincerely held religious beliefs. *Id.* The Supreme Court has recognized, in limited circumstances, that such a conscience injury can constitute a concrete injury-in-fact for purposes of Article III standing. *See FDA v. All. for*

*Hippocratic Med.*, 602 U.S. 367, 387 (2024) (recognizing a conscience injury if a doctor were required provide abortion services in violation of her religious beliefs). But even a conscience injury must be actual and imminent. *Id*. at 387–88 (finding no concrete injury where no plaintiff doctor was actually forced to provide abortion services over conscience objections).

Here, the plaintiffs speculate that if their congregations were to continue to hold doors open to undocumented immigrants, those individuals *would* be subject to immigration raids during worship gatherings or social service ministries. To be clear, the plaintiffs do not—and could not— allege that the policy recission imposes any direct prohibition on plaintiffs' invitation to all. Rather, the alleged conscience injury—the pressure to restrict immigrants' in-person access to services—arises from the plaintiffs' own assumption that congregants will in fact be targeted while attending church or synagogue. But as the Court has explained, the current record does not establish that such enforcement actions are sufficiently likely or imminent. Instead, the plaintiffs' alleged Hobson's choice is driven by "subjective chill" and "fear" of enforcement. *Am. Libr. Ass'n*, 956 F.2d at 1196. This type of chilling effect, or even a plaintiff's "reasonable reaction to a risk of harm . . . [that is] not certainly impending," does not suffice to establish standing. *Clapper*, 568 U.S. at 415–16. In other words, absent a credible threat of enforcement, the causal link between religious welcome and an immigration raid at a place of worship is "simply too speculative or too attenuated to support Article III standing." *Hippocratic Med.*, 602 U.S. at 393. Accordingly, the Court finds that the plaintiffs' alleged conscious injury does not confer standing.

### 4. Costs of Increased Security Measures

Finally, the plaintiffs allege that congregations have been forced to incur costs to secure their premises to protect members from immigration officers. But a plaintiff "cannot manufacture standing by incurring costs in anticipation of non-imminent harm." *Clapper*, 568 U.S. at 422. As

16

previously explained, the plaintiffs have not shown that enforcement actions are imminent at their places of worship. Thus, they cannot establish standing because "they incurred certain costs . . . based on their fears of [that] hypothetical future harm." *Id.* at 416 (citing *Pennsylvania v. New Jersey*, 426 U.S. 660, 664 (1976)).

## CONCLUSION

For these reasons, at least on the present record, the plaintiffs have not established a substantial likelihood of Article III standing. Accordingly, the motion for a preliminary injunction is DENIED. A separate order consistent with this decision accompanies this memorandum opinion.

DABNEY L. FRIEDRICH
United States District Judge

April 11, 2025

17