**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

August 21, 2026

**By ECF**

Clifton Cislak, Clerk
United States Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., NW
Washington, DC 20001

Re: *Mennonite Church USA v. Department of Homeland Security*, No. 25-5209

Dear Mr. Cislak:

Defendants submit this letter to respond to plaintiffs' August 19 letter concerning the Fourth Circuit's decision in *Philadelphia Yearly Meeting of the Religious Society of Friends v. U.S. Department of Homeland Security*, No. 25-1512 (Aug. 18, 2026).

In *Philadelphia Yearly Meeting*, the Fourth Circuit affirmed the district court's preliminary injunction requiring the Department of Homeland Security (DHS) to act in accordance with its prior sensitive locations guidance in or near the plaintiffs' houses of worship. Relevant here, the Fourth Circuit concluded that the *Philadelphia Yearly Meeting* plaintiffs likely had standing because their declarations established that they had experienced attendance declines at their services caused by DHS's new guidance. Op. 13-21.

The Fourth Circuit's decision is, of course, a "fact-dependent" one. Op. 34 (Agee, J. concurring). Assessing an entirely different factual record, the district court here determined that plaintiffs' declarations indicated that asserted attendance declines were caused by "the administration's broader immigration crackdown," not the challenged

guidance. *Mennonite Church USA v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 1, 11 (D.D.C. 2025). That determination was correct.

The Fourth Circuit's decision also has no bearing on plaintiffs' alternative standing theory based on an imminent enforcement action at one of their locations. That theory of standing was not presented in *Philadelphia Yearly Meeting*. And while the Fourth Circuit reasoned that the new sensitive locations guidance "increased [the] likelihood" of enforcement actions in or near houses or worship, that is insufficient to demonstrate an imminent threat of enforcement at any of plaintiffs' locations. Op. 30.

Sincerely,

*/s/ Sarah N. Smith*
Sarah N. Smith

cc: All counsel (via CM/ECF)

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing letter complies with the word limit in Federal Rule of Appellate Procedure 28(j) because it contains 268 words.

*s/ Sarah N. Smith*
Sarah N. Smith