**No. 25-5209**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

MENNONITE CHURCH USA, et al.,

*Plaintiffs-Appellants*,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.

*Defendants-Appellees*.

On Appeal from the United States District Court
for the District of Columbia

# PLAINTIFFS-APPELLANTS' MOTION TO EXPEDITE PETITION FOR REHEARING DEADLINE AND ISSUANCE OF MANDATE

Kelsi Brown Corkran
Shelby B. Calambokidis
Alexandra Lichtenstein
INSTITUTE FOR CONSTITUTIONAL ADVOCACY AND PROTECTION
Georgetown University Law Center
600 New Jersey Ave., N.W.
Washington, D.C. 20001
(202) 661-6728
kbc74@georgetown.edu

*Attorneys for Plaintiffs-Appellants*

Pursuant to Federal Rules of Appellate Procedure 40(d)(1) and 41(b) and D.C. Circuit Rules 40(a) and 41(a)(1), Plaintiffs-Appellants ("Plaintiffs") respectfully request that the Court shorten the deadline for Defendants-Appellees ("Defendants") to seek panel rehearing or rehearing en banc to 30 days (November 19, 2026) and, in the event Defendants do not file a rehearing petition by that date, that the Court issue the mandate immediately thereafter. Defendants' counsel informed Plaintiffs' counsel that Defendants oppose this motion.

On October 20, 2026, this Court held that Plaintiffs face an "imminent, if not immediate" risk of immigration enforcement action at or near their places of worship as a result of the Department of Homeland Security's rescission of its longstanding "sensitive locations" policy. *Mennonite Church USA v. DHS*, No. 25-5209, --- F.4th ----, 2026 WL 3132807, at *7 (D.C. Cir. Oct. 20, 2026); *see also id*. at *3 (observing that numerous incidents of enforcement actions at or near Plaintiffs' places of worship have already occurred). As Plaintiffs attested, such action "shatters consecrated sanctuary space, thwarts communal worship, and undermines the social service ministry work that is central to their members' religious expression and practices." *Id.* at *6 (quotation and brackets omitted).

The Court further held that these harms would be redressed by an injunction either restoring the sensitive locations policy or prohibiting immigration enforcement action at Plaintiffs' houses of worship in the absence of

exigent circumstances or a judicial warrant. *Id.* at *8-*9. Accordingly, the Court reversed the district court's denial of Plaintiffs' motion for a preliminary injunction on standing grounds, and remanded the case for "further consideration of that motion." *Id.* at *12.

At the same time, the Court ordered the Clerk to "withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc." Order, *Mennonite Church USA v. DHS*, No. 25-5209 (D.C. Cir. Oct. 20, 2026). Defendants have 45 days after entry of judgment (or of an amended decision) to file a rehearing petition. Fed. R. App. P. 40(d)(1); D.C. Cir. R. 40(a).

Federal Rule of Appellate Procedure 40(d)(1) allows this Court "to shorten[] … by order" the time in which a petition for rehearing must be filed. Federal Rule of Appellate Procedure Rule 41(b) allows this Court to "shorten … the time" to issue the mandate "by order," and this Court expressly authorizes parties to "move for expedited issuance of the mandate for good cause shown" at "any time." D.C. Cir. R. 41(a)(1).

Good cause exists for both in this case. In the 18 months since the district court erroneously denied Plaintiffs' preliminary injunction motion on the ground that they lacked standing, Plaintiffs have suffered the irreparable harms recognized by this Court, and they will continue to suffer those harms until the

case is remanded and they are able to obtain injunctive relief from the district court. Shortening the period of time for Defendants to seek rehearing from 45 days to 30 days will mitigate the delay in relief while preserving Defendants' ability to seek rehearing if they so choose. In the event that Defendants do not seek rehearing by the deadline, issuing the mandate immediately thereafter will further mitigate the delay in relief without any prejudice to Defendants.

Accordingly, Plaintiffs respectfully request that the Court shorten the time for Defendants to seek panel rehearing or rehearing en banc to 30 days and, in the event that Defendants do not seek rehearing by the deadline (November 19, 2026), issue the mandate immediately thereafter.

Dated: October 23, 2026

Respectfully submitted,

*s/ Kelsi Brown Corkran*

Kelsi Brown Corkran
Shelby B. Calambokidis
Alexandra Lichtenstein
INSTITUTE FOR CONSTITUTIONAL ADVOCACY AND PROTECTION
Georgetown University Law Center
600 New Jersey Ave., N.W.
Washington, D.C. 20001
(202) 661-6728
kbc74@georgetown.edu

*Attorneys for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 587 words, excluding exempted parts, and complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

/s/ *Kelsi Brown Corkran*
Kelsi Brown Corkran

**CERTIFICATE OF SERVICE**

I certify that on October 23, 2026, I electronically filed the foregoing document with the Clerk of the U.S. Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. Counsel in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

/s/ *Kelsi Brown Corkran*
Kelsi Brown Corkran