[ORAL ARGUMENT HELD ON FEBRUARY 5, 2026]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

MENNONITE CHURCH USA, *et al.*,

*Plaintiffs-Appellants*,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,

*Defendants-Appellees*.

No. 25-5209

**RESPONSE TO PLAINTIFFS' MOTION TO EXPEDITE PETITION FOR REHEARING DEADLINE AND ISSUANCE OF MANDATE**

Defendants respectfully oppose plaintiffs' motion to shorten the petition for rehearing deadline by 15 days and, if no petition is filed, to immediately issue the mandate.

1. This case concerns a challenge by plaintiffs to guidance issued by the Department of Homeland Security (DHS) on January 20, 2025, regarding immigration enforcement actions in or near sensitive locations. Plaintiffs, a coalition of 27 Judeo-Christian organizations, brought suit challenging that guidance on February 11, 2025, and

moved for a preliminary injunction 10 days later. Compl., Dkt. No. 1; Mot. for Prelim. Inj., Dkt. No. 11. On April 11, 2025, the district court denied plaintiffs' motion for lack of standing. *Mennonite Church USA v. U.S. Department of Homeland Security*, 778 F. Supp. 3d 1 (D.D.C. 2025). Plaintiffs waited 49 days to appeal that decision to this Court. Notice of Appeal, Dkt. No. 37.

2. On October 20, 2026, this Court held that plaintiffs likely have standing to challenge DHS's guidance and remanded the case to the district court for further consideration of plaintiffs' motion. *Mennonite Church USA v. U.S. Department of Homeland Security*, --- F.4th ---, No. 25-5209, 2026 WL 3132807, at *12 (D.C. Cir. Oct. 20, 2026). The panel majority expressed no view as to whether plaintiffs are likely to prevail in the merits of their challenge to DHS's guidance, nor whether the equities favor interim relief. *Id.*; *see also id.* at *4 (explaining that "[b]ecause the district court denied the preliminary injunction based solely on its analysis of plaintiffs' standing," the Court "accept[s], for present purposes, the complaint's well-pleaded factual allegations and plausible legal theories").

The Court ordered the Clerk to withhold issuance of the mandate "until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc." Clerk's Order (Oct. 20, 2026). The rules provide 45 days for such a petition to be filed. Fed. R. App. P. 40(d)(1).

3. Plaintiffs now move to shorten the time for seeking rehearing to 30 days and, if no petition is filed, for immediate issuance of the mandate. That motion should be denied. The rules expressly provide 45 days to seek rehearing or rehearing en banc, instead of the usual 14, in civil cases where the United States or its agencies or officers is a party. Fed. R. App. P. 40(d)(1). The notes of the advisory committee explain that in providing an extended period to seek rehearing in cases involving the United States, Rule 40(d)(1) "recognizes that the Solicitor General needs time to conduct a thorough review of the merits of a case before requesting a rehearing." Fed. R. App. P. 40 advisory committee's note to 1994 amendment. Plaintiffs seek to impermissibly truncate the time allotted under the Rule for the Solicitor General to conduct his deliberations and make his determination.

Plaintiffs contend that shortening the rehearing time is warranted on the ground that they have suffered "the irreparable harms recognized by this Court" in the 18 months since the district court denied their motion for a preliminary injunction and will continue to do so until they obtain interim relief. Mot. 3. But this Court held only that plaintiffs likely have standing to challenge DHS's guidance, not that they have suffered irreparable harm, and certainly not that they are entitled to a preliminary injunction. 2026 WL 3132807, at *12. The Court remanded the case to the district court to consider those questions in the first instance. *Id.* But even setting aside the fact that it is merely speculative that plaintiffs will obtain the preliminary injunction they seek, plaintiffs do not explain what difference 22 days will make in consideration of a motion they filed 20 months ago. Nor do they offer any persuasive reason to shorten the time for the Solicitor General to make his decision regarding rehearing.

For the foregoing reasons, plaintiffs' motion should be denied.

Respectfully submitted,

MICHAEL S. RAAB
LOWELL V. STURGILL JR.

/s/ *Sarah N. Smith*

SARAH N. SMITH
*Attorneys, Appellate Staff*
*Civil Division, Room 7533*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 305-0173*

NOVEMBER 2026

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this response complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared with Century Schoolbook 14-point, a proportionally spaced font with serifs, and the response complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 656 words, according to the word count of Microsoft Word.

*/s/ Sarah N. Smith*
Sarah N. Smith

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2026, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I further certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *Sarah N. Smith*
Sarah N. Smith