**No. 25-5209**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

MENNONITE CHURCH USA, et al.,

*Plaintiffs-Appellants*,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.

*Defendants-Appellees*.

---

On Appeal from the United States District Court
for the District of Columbia

---

# PLAINTIFFS-APPELLANTS' REPLY IN SUPPORT OF MOTION TO EXPEDITE PETITION FOR REHEARING DEADLINE AND ISSUANCE OF MANDATE

Kelsi Brown Corkran
Shelby B. Calambokidis
Alexandra Lichtenstein
INSTITUTE FOR CONSTITUTIONAL
ADVOCACY AND PROTECTION
Georgetown University Law Center
600 New Jersey Ave., N.W.
Washington, D.C. 20001
(202) 661-6728
kbc74@georgetown.edu

*Attorneys for Plaintiffs-Appellants*

Defendants oppose Plaintiffs' motion on two grounds, neither of which has merit. First, they suggest that it is "impermissibl[e]" to "truncate the time allocated under [Federal Rule of Appellate Procedure 40(d)(1)] for the Solicitor General to conduct his deliberations and make his determination" regarding whether to seek rehearing. Opp. 3. But Rule 40(d)(1) recognizes the Court's authority "to shorten[] … by order" the time in which a rehearing petition must be filed. There is nothing impermissible about the Court exercising that authority here, where Plaintiffs continue to be harmed in the absence of a preliminary injunction.

Defendants' second argument is that expediting the rehearing deadline is unwarranted because this Court "held only that plaintiffs likely have standing to challenge DHS's guidance, not that they have suffered irreparable harm." Opp. 4. But this Court held that Plaintiffs have standing because they face ongoing harm from the "imminent, if not immediate" risk of immigration enforcement action at or near their places of worship. *Mennonite Church USA v. DHS*, No. 25-5209, --- F.4th ----, 2026 WL 3132807, at *7 (D.C. Cir. Oct. 20, 2026). Defendants do not and cannot seriously contest that Plaintiffs are injured by immigration enforcement action at or near their places of worship, or that such harm is irreparable. Indeed, they make no attempt to rebut Plaintiffs' many attestations that such action "shatters consecrated sanctuary space, thwarts communal worship, and undermines the social service ministry work that is central to their members' religious

expression and practices." *Id.* at *6 (quotation and brackets omitted). Nor do Defendants contest in their opposition that these harms would be redressed by the injunctive relief that Plaintiffs seek, or that the harm could be minimized by allowing Plaintiffs to seek relief from the district court more quickly.

It has been 18 months since Plaintiffs were denied preliminary injunctive relief based on an erroneous standing determination. Plaintiffs' proposed 30-day rehearing deadline balances Plaintiffs' need for prompt relief from their ongoing harm with Defendants' interest in having sufficient time for deliberation about whether to seek rehearing.

At minimum, the Court should issue the mandate immediately upon the expiration of the rehearing deadline if no rehearing petition is filed, waiving the standard 7-day waiting period. Doing so would not implicate any countervailing government interest, and Defendants raise no argument against doing so. And if the Court does not expedite the 45-day rehearing deadline, Plaintiffs ask that the Court make clear that Defendants will not be permitted any extension of that deadline.

Dated: November 4, 2026

Respectfully submitted,

*s/ Kelsi Brown Corkran*

Kelsi Brown Corkran
Shelby B. Calambokidis
Alexandra Lichtenstein
INSTITUTE FOR CONSTITUTIONAL

ADVOCACY AND PROTECTION
Georgetown University Law Center
600 New Jersey Ave., N.W.
Washington, D.C. 20001
(202) 661-6728
kbc74@georgetown.edu

*Attorneys for Plaintiffs-Appellants*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this reply complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 416 words, excluding exempted parts, and complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

/s/ *Kelsi Brown Corkran*
Kelsi Brown Corkran

## CERTIFICATE OF SERVICE

I certify that on November 4, 2026, I electronically filed the foregoing document with the Clerk of the U.S. Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. Counsel in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

/s/ *Kelsi Brown Corkran*
Kelsi Brown Corkran